# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | |
| | } | |
| LAWRENCE MARCHAE HOLLIDAY, | } | Case No.: 7:08-CR-213-RDP-TMP |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

On August 12, 2009, Defendant Lawrence Marchae Holliday, acting through counsel, filed a letter requesting that this court consider the feasibility of transferring him into federal custody.[1] (Doc. # 17-2). After consideration of the issues presented in Defendant's request, the court has construed Defendant's letter as a Motion to Amend or Modify the Sentence. In so doing, the court finds that Defendant's motion is due to be denied. However, it is the court's conclusion that Defendant can seek relief through the Bureau of Prisons ("BOP") administrative procedures, which will be more fully described below.[2]

**I.   Procedural History**

The pertinent chronological history of this case is as follows:

| | |
|---|---|
| August 23, 2007 | Date of instant offense and arrest in Tuscaloosa County on related charges; |
| June 2008 | Indicted in instant case (the original indictment was superceded by the Grand Jury in July 2008); |
| June 10, 2008 | Borrowed on Writ from State of Alabama custody; |

---

[1] Defendant is currently serving a state sentence at the Alabama Department of Corrections' Kilby Correctional Facility.

[2] Bureau of Prisons Program Statement 5160.05 sets forth the procedure on which Defendant should utilize in seeking relief.

| | |
|---|---|
| November 13, 2008 | Sentenced in instant case to a term of 110 months and returned to State custody; |
| January 21, 2009 | Sentenced in Tuscaloosa case CC-07-2448 to 10 years concurrent with previously-imposed federal sentence; |
| March 31, 2009 | Defendant filed motion for reconsideration (Doc. #14) requesting transfer to federal custody; |
| April 16, 2009 | Motion denied (Doc. # 16); |
| August 12, 2009 | Letter (motion) regarding transfer to federal facility. |

## II.  Authority to Amend the Judgment

For the sake of clarity, the court will more fully set out its reasoning for denying Defendant's motion for reconsideration (Doc. #14) as that conclusion ultimately leads to the result reached in the instant order.

In *United States v. Greenwood*, 322 Fed. Appx. 693, 2009 WL 839115 (11th Cir. 2009), the Eleventh Circuit reminded us that a district court does not have the authority to modify a sentence, except to the extent provided by the federal statutory provisions which control sentencing and the Federal Rules of Criminal Procedure, specifically, Federal Rule of Criminal Procedure 35 and Title 18 U.S.C. § 3582. 2009 WL 839115 at **1 (citing *United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002)).

Rule 35 provides as follows:

**Rule 35. Correcting or Reducing a Sentence**

**(a)**  **Correcting Clear Error.** Within 14[3] days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b)**  **Reducing a Sentence for Substantial Assistance.**

---

[3] An amendment to Rule 35 became effective on December 1, 2009, changing the period of time in which a court may correct an error pursuant to this rule from seven (7) days to fourteen (14) days. Because the amendment became effective on December 1, 2009, it does not apply in the instant case.

2

  **(1)**  **In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
  **(2)**  **Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
    **(A)**  information not known to the defendant until one year or more after sentencing;
    **(B)**  information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
    **(C)**  information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
  **(3)**  **Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
  **(4)**  **Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
**(c)**  **"Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

There are no facts pertaining to Defendant or his request which would trigger the application of these provisions. First, Rule 35(a) does not apply. More than fourteen days have passed since the court pronounced sentence. Additionally, Defendant does not argue that the "sentence resulted from arithmetical, technical, or other clear error." Nor does Rule 35(b) apply here. It is the Government, not a defendant, who must bring a motion pursuant to Rule 35(b).

Title 18 U.S.C. § 3582 provides in relevant part as follows:

**§ 3582. Imposition of a sentence of imprisonment**

**(a)**  **Factors to be considered in imposing a term of imprisonment.**--
The court, in determining whether to impose a term of imprisonment,

3

      and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

**(b)**    **Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be–
      (1)    modified pursuant to the provisions of subsection (c);
      (2)    corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and Section 3742; or
      (3)    appealed and modified, if outside the guideline range, pursuant to the provisions of Section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c)**    **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
      (1)    in any case–
            (A)    the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that-
                  (i)    extraordinary and compelling reasons warrant such a reduction; or
                  (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under Section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under Section 3142(g);

        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

  (B)  the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)  In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions found at 18 U.S.C. § 3582 are triggered by Defendant's earlier request to this court that his sentence be modified or amended to run concurrently with the state sentence he is now serving or to the current request that he be transferred to a federal facility. Section (a) clearly applies at the initial sentencing hearing of a defendant. Section (b) sets out the statutory parameters for the finality of a sentence of imprisonment and makes abundantly clear this court's lack of authority to amend Defendant's sentence in the instant case. Section (c) sets forth the conditions under which a sentence can be changed or modified, none of which apply to Defendant.

Therefore, the court lacks jurisdiction to modify, correct, or otherwise change the sentence originally imposed. *See Diaz-Clark*, 292 F.3d at 1316-19 (11th Cir. 2002).

**III.  Other Considerations**

If Defendant had been sentenced in Tuscaloosa case CC-2748 prior to being sentenced in the instant case, the court would have been directed to consider U.S.S.G. § 5G1.3, *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*. The presentence report

disclosed on October 9, 2008, clearly states that the instant offense, Felon in Possession of a Firearm, was related to the charges made the subject of Tuscaloosa case CC-2748.[4] Furthermore, Defendant's offense level was increased by four levels because of this conduct pursuant to U.S.S.G. § 2K.2.1(b)(6) at paragraph 18 of the presentence report.  Thus, had Defendant already been sentenced on the state charge, the court would have applied U.S.S.G. § 5G1.3(b) and would have ordered that the instant sentence be served concurrently with his state sentence.[5]

Based on this conclusion, it is the opinion of this court that the equities clearly lie with Defendant and that this court would favorably recommend to the BOP that a *nunc pro tunc* designation be made once the court receives the request through the BOP administrative process. This would mean that Defendant's sentence in the instant case would be effectively concurrent with the state sentence even though the court did not impose the sentence to be concurrent at the time it was imposed.

### IV.     Request for Transfer to a Federal Facility

There has been no argument that the State did not have primary jurisdiction of Defendant at the time that he was borrowed on the writ *ad prosequendum* to face charges in this court. Thus, the State has retained its jurisdiction throughout the process which began on the date Defendant was

---

[4] Defendant was convicted on count two of the charge of shooting into an occupied vehicle and was sentenced to a term of ten years. The offense occurred on August 23, 2007. The charges making the basis of the instant conviction grew out of the same conduct.

[5] That section provides in part as follows: "(b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ... , the sentence for the instant offense shall be imposed as follows: ...(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

arrested. *See Causey v. Civiletti*, 621 F. 2d 691 (5th Cir. 1980).[6] Furthermore, it is the BOP which has the statutory authority to make decisions regarding an inmate's place of imprisonment once he is in federal custody, or by way of a *nunc pro tunc* designation if the designation is made prior to that time pursuant to 18 U.S.C. § 3621. Therefore, this court has no authority to remove Defendant from the custody of state authorities.

## V.      Bureau of Prisons Authority

As noted above, however, the Bureau of Prisons has regulatory authority to pursue a *nunc pro tunc* designation for an inmate.[7] *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991). Although this court has concluded that it does not have the authority to grant Defendant's motion to amend his sentence or to transfer him to a federal facility, this ruling should not be interpreted as reflecting an opinion about the BOP's authority, pursuant to its Policy Statement 5160.05, to consider a request from Defendant for a *nunc pro tunc* designation.

## VI.     Conclusion

For the reasons stated above, the court concludes that Defendant's motion (Doc. #17-2) is due to be denied. However, the court encourages Defendant to seek relief through the BOP administrative procedures.

---

[6] In *Causey*, the court said: "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings.... A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.... The state court has not lost its right to prosecute, convict, and sentence the defendant." *Id*. at 693.

[7] These petitions are commonly know as "Barden petitions." The BOP routinely sends letters to the court requesting a recommendation from the court prior to making a decision on these petitions.

**DONE** and **ORDERED** this ____26th____ day of April, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE